# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CIVIL ACTION NO. 5:22CV-P101-JHM

**TIMOTHY COLE MCNEAL**                                                                 **PLAINTIFF**

**v.**

**SLADE MCCUISTION**                                                                    **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the motion for summary judgment filed by Defendant Slade McCuistion (Defendant or McCuistion). (DN 67). Plaintiff Timothy Cole McNeal (Plaintiff) filed a response to the motion (DN 74), and Defendant filed a reply. (DN 76). For the following reasons, the motion for summary judgment will be granted.

**I.**

Plaintiff, a detainee at the Calloway County Jail (CCJ) at the time he filed suit, filed the original complaint on August 3, 2022.[1] (DN 1). Upon initial review, the Court dismissed Plaintiff's claims brought against the jail (CCJ) and McCuistion in his official capacity for failure to state a claim. (DN 25). The Court then gave Plaintiff an opportunity to file an amended complaint, which Plaintiff availed himself of by filing an amended complaint signed under penalty of perjury and mailed on April 26, 2023. (DN 28).

Therein, Plaintiff asserted that on July 19, 2022, while detained at CCJ, Plaintiff presented to booking to speak with McCuistion where Plaintiff was asked by McCuistion to sign a "write up" from the night prior. (DN 28, PageID.99). Plaintiff requested to read the document before

---

[1] Under the prison mailbox rule, "a pro se prisoner's complaint is deemed filed when it is handed over to prison officials for mailing to the court." *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). Plaintiff's complaint shows that it was delivered to the prison mail system on August 3, 2022, and is therefore considered filed on that date.

signing it, but McCuistion would not permit Plaintiff to do so, and Plaintiff refused to sign the document. (*Id.*). According to Plaintiff, McCuistion pepper sprayed Plaintiff "without warning" and "excessively." (*Id.*). McCuistion then brandished his taser and threatened to shoot Plaintiff if he did not get on the ground. (*Id.*). Plaintiff complied and, once on the ground, was handcuffed and taken to the shower. (DN 28, PageID.100). Plaintiff claimed that there, he was placed in a chair restraint where McCuistion "put the water on [Plaintiff] to activate the [pepper] spray." (*Id.*) Plaintiff maintained that during the course of this incident he was neither aggressive nor disrespectful to the officer. (*Id.*).

Pursuant to 28 U.S.C. § 1915A, the Court permitted Plaintiff's excessive force claim under the Fourteenth Amendment to proceed against McCuistion in his individual capacity. (DN 30).

## II.

### A.

Defendant argues that he is entitled to summary judgment on the basis that Plaintiff failed to exhaust his administrative remedies before filing suit as required under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a).[2] (DN 67). Specifically, Defendant asserts that Plaintiff filed a grievance related to the incident but did not take further action following the initial grievance. (*Id.*, PageID.258). Defendant additionally points out that the response to Plaintiff's grievance indicated that the appropriate procedure where, as here, an incident report has been filed, is to appeal the incident report, not to file a grievance. (*Id.*, PageID.257).

Defendant attaches the CCJ Grievance Policy (*Id.*, PageID.290) and maintains that the CCJ grievance procedures provide that any inmate may file a grievance if he believes he has been

---

[2] Defendant also argues that Plaintiff does not meet the physical injury requirement under the PLRA, that he is entitled to summary judgment on the merits of Plaintiff's claims, and that he is entitled to qualified immunity. However, the Court need not address these arguments because it finds herein that Defendant is entitled to summary judgment based on Plaintiff's failure to properly exhaust his administrative remedies.

denied his civil rights. (*Id.*, PageID.257). The Grievance Policy states, "[i]f the inmate is not satisfied with the initial response to the grievance, the inmate may appeal to the Jailer or his designee within 12 hours of receipt of the initial response." (*Id.*, PageID.290). Per Defendant, the grievance procedures set forth a two-step appeal process: first appeal to the Chief Deputy and final appeal to the Jailer. (*Id.*, PageID.258). Defendant asserts that Plaintiff did not file an appeal of the grievance decision provided to him, either to the Chief Deputy or to the Jailer. (*Id.*). Defendant also cites the deposition of Plaintiff, during which he testified that he was aware of the CCJ grievance policy and filed a grievance but did not pursue an appeal relating to this incident. (DN 77, PageID.336-337).

**B.**

In Plaintiff's response (DN 74), he avers that the Defendant's motion should be denied because Defendant failed to comply with procedural rules requiring a "separate concise statement of material facts," and a "supportive memorandum containing citations to any relevan[t] case law;" an issue of fact exists as to the Plaintiff's level of injury sustained in the incident; and Defendant is not entitled to qualified immunity.[3] (DN 74, PageID.314-316). Plaintiff does not posit that he exhausted his administrative remedies, nor does he address Defendant's arguments relating to non-exhaustion. (*Id.*).

**C.**

In his reply (DN 76), Defendant states that Plaintiff does not dispute that he failed to exhaust his administrative remedies as required under PLRA: "Plaintiff does not contend in his Response that there is any mischaracterization of the facts related to his failure to file a grievance."

---

[3] Plaintiff emphasizes that the video footage of the July 19, 2022, incident shows that Defendant violated his constitutional rights. The video was produced by Defendant and viewed by Plaintiff on December 12, 2023, in accordance with this Court's December 5, 2023, Order. (DNs 65, 71).

(DN 76, PageID.324). Defendant further states, "there is no dispute that Plaintiff did not appeal the Chief Deputy's response to his grievance, nor did he appeal the incident report as directed by the Chief Deputy." (*Id*., PageID.324). Defendant therefore seeks summary judgment as to all claims as the Plaintiff failed to exhaust his administrative remedies. (*Id*.).

## III.

Before the Court may grant a motion for summary judgment, it must find that there is "no genuine dispute as to any material fact" and that the moving party is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

Assuming the moving party satisfies its burden of production, the nonmovant "must—by deposition, answers to interrogatories, affidavits, and admissions on file—show specific facts that reveal a genuine issue for trial." *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014) (citing *Celotex*, 477 U.S. at 324). The non-moving party's evidence is to be believed, *Anderson*, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the Court must be drawn in favor of the party opposing summary judgment. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The fact that a plaintiff is *pro se* does not lessen his or her obligations under Rule 56. "The liberal treatment of pro se pleadings does not require the lenient treatment of substantive law, and the liberal standards that apply at the pleading stage do not apply after a case has progressed to the

summary judgment stage." *Johnson v. Stewart*, No. 08-1521, 2010 WL 8738105, at *3 (6th Cir. May 5, 2010) (citations omitted).

### IV.

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court, interpreting § 1997e, has expressly stated: "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)). Failure to exhaust administrative remedies is an affirmative defense, *id.* at 216, which the defendant has the burden to plead and prove by a preponderance of the evidence.

The PLRA requires exhaustion of internal remedies for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. at 532. To meet this requirement, an inmate must "properly exhaust" his remedies, which requires strict compliance with the grievance process provided by the prison. *Woodford v. Ngo*, 548 U.S. 81, 93-94 (2006). "Proper exhaustion" means that the plaintiff complied with the administrative "agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91. To establish that he has exhausted his administrative remedies, a prisoner-plaintiff must have presented his grievance(s) "through one complete round" of the established administrative process. *Thomas v. Woolum*, 337 F.3d 720, 733 (6th Cir. 2003), *overruled in part on other grounds by Woodford v. Ngo*, 548 U.S. at 87. "[A]n inmate does not exhaust available administrative remedies . . . when

5

the inmate filed such a grievance but 'did not appeal the denial of that complaint to the highest possible administrative level[.]'" *Id.* at 726 (quoting *Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir. 1997)). "'To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.'" *Woodford v. Ngo*, 548 U.S. at 87 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)). As the defendant carries the burden of proof for the affirmative defense of exhaustion, its initial summary judgment burden is heightened. *Morgan v. Trierweiler*, 67 F.4th 362, 366 (6th Cir. 2023) (citing *Doe v. Snyder*, 945 F.3d 951, 961 (6th Cir. 2019), and *Surles v. Andison*, 678 F.3d 452, 455–56 (6th Cir. 2012)). In this regard, a defendant must show "that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Surles*, 678 F.3d at 455–56 (internal quotation omitted). "Summary judgment is appropriate in this context only if 'there is no genuine dispute of material fact that the plaintiff failed to exhaust.'" *Morgan*, 67 F.4th at 366 (quoting *Doe v. Snyder*, 945 F.3d at 961, internal quotation omitted).

**A.**

The CCJ Grievance Policy sets forth the following: "Any inmate may file a grievance if he believes he has been subjected to abuse, harassment, denied his civil rights or any other right while an Inmate at the Calloway County Jail." (DN 67, PageID.290). "All grievances must be filed within 12 hours of the event or act that is the basis for the grievance. The grievance form shall state the time, date, and names of those deputy jailers and/or staff members involved, and pertinent details of the incident including the names of any witnesses." (*Id.*). "Upon receipt of a grievance form by the Grievance Hearing Officer (GHO) the GHO shall review the grievance form and determine if it constitutes a prohibited act by a deputy jailer or staff member; violation of the

inmate's civil rights, a criminal act or an abridgement of inmate privileges as cited in the posted rules." (*Id*.). "If the inmate is not satisfied with the initial response to the grievance, the inmate may appeal to the Jailer or his designee within 12 hours of receipt of the initial response." (*Id*.). "There shall be two (2) stages for grievance appeals: First appeal to a Chief Deputy and Final appeal to Jailer. Any inmate who submits an appeal shall receive a response to the appeal within ten (10) days. If a response is not made within ten (10) days, the appeal has been denied." (*Id*.). "All steps of the grievance process shall be completed before any complaint becomes a civil action against the Calloway County Jail, Calloway County Fiscal Court, the Jailer, any jail employee or any other government agency." (*Id*.).

**B.**

The record establishes that Plaintiff filed a grievance at CCJ on July 22, 2022, in which he reported that he was "maced and threatened to be tased for not wanting to sign a write up without being able to read it, then strapped in a chair and hosed down." (DN 67-3, PageID.292). The response provided by the grievance officer, Lieutenant Black, stated, "You cannot file a grievance on an event where you received an incident report. You have to file an appeal of the incident report within 12 hours of receiving a ruling - no rights violated." (*Id*.).

Plaintiff testified during the deposition that he "knows the [grievance] policy . . . well," and acknowledged that no appeal was filed from the July 22, 2022, grievance. (DN 77, PageID.336-337). Plaintiff further testified that he was familiar with the contents of the July 22, 2022, grievance response, including the advisement regarding the proper channel for an incident report, however nothing in the record suggests, nor does Plaintiff aver that an appeal was taken from the incident report after receiving the grievance response. (*Id*.).

The Court finds that Defendant has met his burden of establishing that Plaintiff failed to exhaust administrative remedies on the basis that Plaintiff failed to pursue the second step of review following the initial grievance. Plaintiff has not disputed Defendant's version of events, much less proffered specific facts supported by evidence demonstrating a genuine issue of fact for trial on the issue of exhaustion.

Plaintiff's testimony indicates that he was familiar with the appeals process and that he had filed grievance appeals in other matters but did not do so in this instance. (DN 77, PageID.336-337). As stated above, to establish exhaustion of administrative remedies, Plaintiff must have presented his grievance "through one complete round" of the established administrative process. *Thomas*, 337 F.3d at 733. "[A]n inmate does not exhaust available administrative remedies . . . when the inmate filed such a grievance but 'did not appeal the denial of that complaint to the highest possible administrative level[.]" *Id.* (quoting *Wright*, 111 F.3d at 417 n.3). Here, it is undisputed that Plaintiff only undertook the initial step of the CCJ's grievance process, and, despite his disagreement with the response, did not avail himself of the appeal process. Accordingly, Plaintiff did not properly exhaust his excessive force claim.

The record also reveals that Plaintiff was made aware of the requirement to appeal an incident report in lieu of a grievance but did not pursue that avenue of redress. (DN 77, PageID.336-337). To the extent that Plaintiff's July 22, 2022, grievance was rejected for Plaintiff's failure to follow the correct procedure, i.e., appealing the incident report itself, Plaintiff's failure to do so could compel a finding that administrative remedies were not properly exhausted. *See, e.g.*, *Chandler v. Hawkins*, No. 5:16-CV-00079-TBR, 2017 WL 1319831, at *2 (W.D. Ky. Apr. 6, 2017) (Plaintiff's "grievance was rejected . . . because it was related to [an] incident which formed the basis of a disciplinary report against [plaintiff]. As such, [Plaintiff] was

required to seek relief through the adjustment committee process. However, following the disciplinary proceedings, he did not pursue a timely administrative appeal to the warden, as KSP's Adjustment Procedures and Programs required him to do.") (internal citations omitted). Here, however, Defendant did not submit evidence of the purported incident report appeal procedure, such that the Court could determine whether such procedure may address this issue. Regardless, the undisputed record establishes that insofar as the July 22, 2022, grievance response determined "no rights violated," Plaintiff could have still undertaken an appeal, but did not do so. This is true "[e]ven if Plaintiff believed that re-filing or appealing the grievance would be futile[;] he was still required to exhaust the grievance procedure before filing suit, however fruitless it may have been." *Grimes v. Aramark Corr. Servs. Co.*, No. 5:10-CV-43, 2011 WL 4453154, at *2 (W.D. Ky. Sept. 26, 2011).

For these reasons, the Court finds that Defendant has met his burden to show that Plaintiff failed to exhaust his administrative remedies before filing suit and that Plaintiff has failed to establish the existence of a genuine issue of material fact on the issue of exhaustion.

**V.**

For the reasons set forth above, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** that Defendant's motion for summary judgment (DN 67) is **GRANTED**.

Date: April 29, 2024

*Joseph H. McKinley*
Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
    Counsel of record
4414.015